UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD FAIRCHILD,

       Plaintiff,

                                          File No.  5:05-CV-132

v.

                                          HON. ROBERT HOLMES BELL

SAYLOR-BEALL MANUFACTURING
COMPANY,

       Defendant.
                                      /

## **O P I N I O N**

This Family Medical Leave Act and breach of contract case is before the Court on Defendant's motions for summary judgment. For the reasons that follow Defendant's motions will be granted.

### I.

Defendant Saylor-Beall Manufacturing Company is a manufacturer of air compressors located in St. Johns, Michigan. Plaintiff Ronald Fairchild was employed by Saylor-Beall from January 1997 until his termination on October 23, 2003. (Am. Compl. ¶¶ 11-15). While he was employed at Saylor-Beall Plaintiff was a member of the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW"), Local 925. (Am. Compl. ¶ 7).

Plaintiff alleges that in October 2003 he had unstable blood pressure requiring intermittent medical leaves of absence from work for monitoring and treatment. (Am. Compl. ¶ 12). Plaintiff provided his employer with a FMLA form and a certification from his doctor regarding his need for intermittent time off for treatment. (Am. Compl. ¶ 13). The form was returned to him unapproved and Plaintiff was terminated from his employment on October 23, 2003. (Am. Compl. ¶¶ 14-15).

On October 27, 2003, Plaintiff filed a grievance through his union alleging improper discharge. (Def. Br. in Opp. to Mot. to Amend, Ex. D). On October 28, 2003, following a meeting with the employer, the employer denied the grievance. *Id.* Plaintiff's grievance was withdrawn by his union on November 24, 2003. (Def. Br. in Opp. to Mot. to Amend, Ex. E).

Plaintiff filed this action on September 19, 2005, alleging that Defendant terminated him in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Plaintiff filed an amended complaint on December 6, 2005, alleging an additional claim of breach of contract. Defendant has filed two motions for summary judgment, one addressing the FMLA claim, and one addressing the breach of contract claim.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need

for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendants carry their burden of showing there is an absence of evidence to support a claim then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

"On summary judgment, all reasonable inferences drawn from the evidence must be viewed in the light most favorable to the parties opposing the motion." *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994) (citing *Matsushita*, 475 U.S. at 586-88). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id. See generally, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Defendant contends it is entitled to summary judgment on Plaintiff's FMLA claim because Defendant does not meet the definition of "employer" under the FMLA.

The FMLA entitles covered employees to take reasonable leave for medical reasons, 29 U.S.C. §§ 2601 and 2612, and prohibits any "employer" from interfering with an employee's exercise of rights provided by the FMLA. 29 U.S.C. § 2615. The FMLA defines

a covered "employer" as one who "employs 50 or more employees" for at least twenty weeks during a calendar year.  29 U.S.C. § 2611(4).

Defendant has submitted the affidavit of Bruce McFee, President of Saylor-Beall. Mr. McFee's affidavit indicates that Saylor-Beall did not employ the requisite number of employees during the applicable time period.  (McFee Aff. ¶¶ 4-5).

Plaintiff does not contest Defendant's evidence that it employed fewer than fifty employees.  (Pl. Br. in Opp. at 3).  Plaintiff contends, however, that Defendant is nevertheless bound by the FMLA because FMLA leave is included in Defendant's collective bargaining agreement with the UAW.  Section 34(a) of the collective bargaining agreement provides in pertinent part:

> "The employee may request leave under the guidelines of the Family Medical Leave Act of 1993.  If the Company believes that a leave is covered under the FMLA, it will notify the employee of this designation."  **Any term or condition not covered by the terms of this Collective Bargaining Agreement regarding the Family Medical Leave Act, shall be governed by the actual terms and specific conditions set forth in the Family Medical Leave Act.**

Bargaining Agreement § 34(a) (emphasis in original).

Plaintiff's assertion that FMLA leave was included in the collective bargaining agreement does not give rise to a cause of action under the FMLA.  Instead, Plaintiff's cause of action, if any, would be for breach of the collective bargaining agreement.  Because Defendant employed fewer than fifty employees and is not covered under the FMLA, it is entitled to summary judgment on Plaintiff's FMLA claim.

IV.

Plaintiff has alleged in Count 2 of his amended complaint that Defendant breached the collective bargaining agreement by terminating him while he had obvious medical problems and was seeking intermittent FMLA leave. (Am. Compl. ¶ 22).

Defendant has moved for summary judgment on Count 2 on the basis that it is barred by the six-month statute of limitations under § 301 of the Labor Management Relations Act, 29 U.S.C § 185.

Section 301(a) of the Labor Management Relations Act provides a federal remedy for breach of a collective bargaining agreement. 29 U.S.C. § 185(a).[1] An employee may bring an action under § 301 against his employer if he has been dismissed in violation of the collective bargaining agreement, but he is first required to exhaust any grievance procedure contained in the collective bargaining agreement. *Alford v. General Motors Corp.* 926 F.2d 528, 530-31 (6th Cir. 1991) (citing *Hines v. Anchor Motor Freight*, 424 U.S. 554, 562 (1976); *Clayton v. Int'l Union*, 451 U.S. 679 (1981); *Anderson v. Ideal Basic Indus.*, 804 F.2d 950, 952 (6th Cir. 1986)). "[I]f a collective bargaining agreement contains exclusive and

---

[1]Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount of controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185.

final procedures for the resolution of employee grievances, an employee will be prohibited from bringing an action under § 301 absent an allegation that his union breached its duty of fair representation." *Id.* at 531.

"Because most collective-bargaining agreements accord finality to grievance or arbitration procedures established by the collective-bargaining agreement, an employee normally cannot bring a § 301 action against an employer unless he can show that the union breached its duty of fair representation in its handling of his grievance." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (citing *DelCostello v. Teamsters*, 462 U.S. 151, 163-64 (1983)). "Whether the employee sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective-bargaining agreement and that the union breached its duty of fair representation." *Id.* (citing *DelCostello*, 462 U.S. at 164-65). This is known as a hybrid § 301 claim. *DelCostello*, 462 U.S. at 164-65.

The July 1, 2003 collective bargaining agreement between Defendant and the UAW contains an elaborate dispute resolution procedure culminating in binding arbitration. (Def. Br. in Opp. to Mot. to Amend, Ex. F). Although Plaintiff has not characterized his claim as a hybrid § 301 claim, in light of the exclusive dispute resolution mechanism in the collective bargaining agreement, his claim that the company breached the collective bargaining agreement by terminating him must be construed as a hybrid § 301/duty-of-representation

claim under the Labor Management Relations Act § 301. Plaintiff cannot avoid the characterization of his claim as a hybrid § 301 claim by suing only the employer. "In a hybrid § 301 suit, an 'employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.'" *Vencl v. Int'l Union of Operating Eng'rs, Local 18*, 137 F.3d 420, 425 (6th Cir. 1998) (quoting *DelCostello*, 462 U.S. at 165).

Although there is no express statute of limitations under section 301, the Supreme Court has held that the six-month statute of limitations period found in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), which governs unfair labor practices before the NLRB, applies to hybrid § 301 claims. *DelCostello*, 462 U.S. at 171-72. *See also Garrish v. Int'l Union United Automobile, Aerospace and Agricultural Implement Workers of America*, 417 F.3d 590, 594 (6th Cir. 2005) ("A six-month statute of limitations applies to Plaintiffs' hybrid § 301 action.").

Plaintiff's action is a classic hybrid § 301 claim and is subject to the six-month statute of limitations. Plaintiff was terminated on October 23, 2003. Plaintiff filed a grievance through his union alleging improper discharge. (Def. Br. in Opp. to Mot. to Amend, Ex. D). On October 28, 2003, following a meeting with the employer, the employer denied the grievance. *Id.* Plaintiff's grievance was withdrawn by his union on November 24, 2003. (Def. Br. in Opp. to Mot. to Amend, Ex. E). The statute of limitations period on a hybrid § 301 claim begins to run when a plaintiff knows that the union has withdrawn his grievance.

*Garrish*, 417 F.3d at 595.  Plaintiff does not deny knowledge that the union withdrew his grievance.  In fact, Plaintiff has attached a copy of the February 4, 2004, letter from the union indicating that Plaintiff had been advised by letter dated December 1, 2003, that the grievance had been withdrawn.  Even if the Court were to ignore the union's withdrawal of the grievance, Plaintiff's claim accrued, at the latest, upon receipt of the Union's February 2, 2004, letter which indicated that the grievance was withdrawn and that his attempted appeal was untimely.  (Pl Br. in Opp. Ex. 2(c)). Plaintiff did not file this action until September 19, 2005, well beyond the expiration of the six-month limitations period that applies to hybrid § 301 claims.  Plaintiff's breach of contract claim is clearly time-barred.  Accordingly, Defendant's motion for summary judgment on the breach of contract claim will be granted.

    An order and judgment consistent with this opinion will be entered.


Date:     April 7, 2006            /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     CHIEF UNITED STATES DISTRICT JUDGE